United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONNIE MARDESICH, et. al., | CASE NO. 5:12-cv-00867 EJD |
| Plaintiff(s), | **MEMORANDUM AND ORDER TO SHOW CAUSE** |
| v. | |
| TEVIS R. IGNACIO, | |
| Defendant(s). | |

## I. INTRODUCTION

On February 22, 2012, Defendant Tevis R. Ignacio ("Defendant") removed to this court what appears to be a domestic relations action originally filed in Santa Clara County Superior Court. See Docket Item No. 1. Having reviewed Defendant's pleading, the court is unable to determine the basis for federal jurisdiction. Accordingly, the court issues the instant Memorandum and Order to Show Cause.

## II. DISCUSSION

### A. Removal Jurisdiction Generally

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Generally, only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which

1

CASE NO. 5:12-cv-00867 EJD
MEMORANDUM AND ORDER TO SHOW CAUSE

the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states. 28 U.S.C. §§ 1441(a), (b). Diversity jurisdiction can only arise if *all parties* are citizens of different states. 28 U.S.C. § 1332(a).

When removal is based on the presence of a federal question, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The complaint as it existed at time of removal dictates whether removal jurisdiction is proper. Libhart, 592 F.2d at 1065.

An anticipated or even actual federal defense or counterclaim is not sufficient to confer jurisdiction. Constr. Laborers Vacation Trust, 463 U.S. at 10.

### B. Domestic Relations Cases

Domestic relations cases are subject to an equitable abstention principle commonly known as the "domestic relations" exception to federal jurisdiction. See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States." Ohio ex rel. Popovici v. Agler, 280 U.S. 379, 383 (1930) (quoting In re Burrus, 136 U.S. 586, 593-94 (1890)). For this reason, "federal courts must decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife." Buechold v. Ortiz, 401 F.2d 371, 372 (9th Cir. 1968).

### C. Application to this Case

Here, Defendant's pleading does not demonstrate either the presence of a federal question or

2
CASE NO. 5:12-cv-00867 EJD
MEMORANDUM AND ORDER TO SHOW CAUSE

a basis to find complete diversity. As such, this case is not removable to on its face. In any event, this court would be obliged to decline jurisdiction even if such jurisdiction was shown since the underlying state court action appears to be a dissolution of marriage.

Moreover, despite Defendant's reference to 28 U.S.C. § 1443, there are no allegations contained in the pleading which would support an application of that statute. See Georgia v. Rachel, 384 U.S. 780, 792 (1966) (holding that the removal language contained in 28 U.S.C. § 1443 "must be construed to mean any law providing for specific civil rights stated in terms of *racial equality*."). To the extent he seeks review of state court orders, this court is without jurisdiction to do so. See Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); see also Samuel v. Michaud, 980 F. Supp. 1381 1411-12 (D. Idaho 1996) ("The district court lacks subject matter jurisdiction either to conduct a direct review of state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case.").

### III. ORDER

The court orders Defendant to show cause why this case should not be dismissed for lack of subject matter jurisdiction. If Defendant does not, **by March 16, 2012**, demonstrate in writing the basis for this court's subject matter jurisdiction, the court will summarily remand this action to Santa Clara County Superior Court. No hearing will be held on the Order to Show Cause unless ordered by the court.

**IT IS SO ORDERED.**

Dated: March 2, 2012

EDWARD J. DAVILA
United States District Judge

3
CASE NO. 5:12-cv-00867 EJD
MEMORANDUM AND ORDER TO SHOW CAUSE